Usama Kahf (SBN 266443)
E-Mail: ukahf@fisherphillips.com
Andrew E. Saxon (SBN 227344)
E-Mail: asaxon@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Plaintiff
KEENAN & ASSOCIATES


Howard D. Ruddell (SBN 281510)
E-Mail: hruddell@mooreruddell.com
MOORE RUDDELL LLP
21250 Hawthorne Blvd., Suite 500
Torrance, California 90503
Telephone: (323) 792-7010
Facsimile: (323) 530-1113

Attorneys for Defendants
ABD INSURANCE AND FINANCIAL SERVICES, INC. dba NEWFRONT; and KEITH BROWN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN & ASSOCIATES,<br><br>        Plaintiff,<br><br>  v.<br><br>ABD INSURANCE AND FINANCIAL SERVICES, INC. dba NEWFRONT, a Delaware corporation; KEITH BROWN, an individual,<br><br>        Defendant. | Case No: 2:22-cv-00669-KJM-KJN<br><br>**JOINT STIPULATION RE: TEMPORARY RESTRAINING ORDER; ORDER** |

## **JOINT STIPULATION RE: TEMPORARY RESTRAINING ORDER**

WHEREAS, on April 15, 2022, Plaintiff Keenan & Associates ("Keenan" or "Plaintiff") filed the above captioned action ("Action") against Defendants ABD Insurance and Financial Services, Inc. dba Newfront ("Newfront") and Keith Brown ("Brown") (Newfront and Brown are collectively, "Defendants"; Keenan and Defendants are collectively, the "Parties");

WHEREAS, on April 15, 2022, Keenan filed an *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction and for Expedited Discovery (the "TRO Motion");

WHEREAS, Defendants have not yet responded to Plaintiff's allegations in the Action or the TRO Motion but wish to cooperate in resolving the need for the Court to rule on the TRO Motion; and

WHEREAS, by entering into this Joint Stipulation re: TRO, Defendants are not conceding that any of their conduct at any time violated Defendants' confidentiality obligations, contractual obligations, or any other obligations to Plaintiff, are not agreeing that Plaintiff's documents or information constitutes trade secrets or confidential information, nor are Defendants admitting any liability whatsoever to Plaintiff;

WHEREAS, the Parties wish to maintain the status quo pending a preliminary injunction hearing and otherwise to preserve the resources of the Court and the Parties.

NOW THEREFORE, the Parties stipulate and agree to the following terms ("Joint Stipulation re TRO") as forth herein and request that the Court enter an Order reflecting those terms:

1.     By no later than Wednesday April 20, 2022, Brown will provide counsel for Keenan a signed declaration made under penalty of perjury certifying that, (1) other than what may be found on the Devices identified in Paragraphs 2, 3, and 4 below, Brown has returned to Keenan and does not have in his possession, custody or control any paper or electronic "Documents" containing any of Keenan's "Confidential Information" (as both of these terms are defined herein); (2) that he will not use any such information for any purpose or disclose it to any person including his current employer Newfront; (3) that he will not use, disclose, disseminate, distribute, leak, publish, or transfer to or share with any person whatsoever, directly or indirectly, any of Keenan's Confidential Information in his possession, custody, or control, including, but not limited to, the oral disclosure of this information to third parties; and (4)

Brown will not destroy, delete, wipe, disguise, alienate, conceal, manipulate, modify or alter any original, copy or duplicate of any Document or other physical evidence relating to any of the allegations in Keenan's Complaint .

    a.    For purposes of this Joint Stipulation re TRO, "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), FED. R. CIV. P. 34(a), and includes, but is not limited to, paper documents, electronic or digital files, and electronic communications such as e-mail and text messaging.

    b.    For purposes of this Joint Stipulation re TRO, "**Confidential Information**" means confidential, proprietary, and/or non-public information concerning the operations, business methods, personnel, costs and finances, marketing plans, research, sales, pricing data and legal affairs of Keenan and its clients. Examples of Confidential Information include: (1) the identities, goals, needs, strategic plans and account information of Keenan clients; (2) the identities, goals, needs, and preferences of individual decision makers employed by Keenan clients; (3) the amount of premiums and commissions paid and/or generated by the sale of particular Keenan products or services and/or by the sale of Keenan products or services to a particular Keenan client; (4) insurance and/or contract renewal timetables for any Keenan client; (5) the terms (including, without limitation, pricing and billing information) of any contract between Keenan and any Keenan client; and (6) Keenan's data files (including, without limitation), AMS Sagitta, GenSource products, SBPA GBAS, Keenan Intranet Data Warehouse), working papers, reports, procedure manuals and modules. Notwithstanding anything to the contrary, Defendants do not stipulate that Confidential Information includes any information that Defendants obtained from a non-confidential or public source, including from a Keenan client itself. Nor are Defendants stipulating that the above-listed Confidential Information constitutes a trade secret.

    2.    By no later than Wednesday April 20, 2022, Defendants will arrange for delivery via priority overnight mail (and provide tracking confirmation to Plaintiff's counsel) to iDiscovery Solutions (Attn: James D. Vaughn, 535 Anton Blvd., Suite 860, Costa Mesa, CA 92626) the Seagate USB External Hard Drive, S/N: NA7HKZP9 ("Seagate KZP9 Device"), identified in the Declaration of Jim Vaughn filed by Plaintiff with its TRO Motion, so that such device can be forensically examined pursuant to a reasonable forensic protocol that the Parties' counsel will negotiate in good faith. The protocol shall, at

a minimum, provide for a process to identify, extract, and purge from the Seagate KZP9 Device all Documents containing Confidential Information belonging to Keenan, as well as to examine whether any of Keenan's Confidential Information on the device has been accessed, viewed, used, modified, downloaded, copied, or transferred on, to or by any other electronic device.

3. Defendants shall have their own forensic consultant, UnitedLex, at Defendants' own expense, forensically image and examine the Newfront-owned computer to which Brown had plugged in his Seagate KZP9 Device (the "Newfront Computer"). UnitedLex shall do so pursuant to a reasonable forensic protocol that the Parties' counsel will negotiate in good faith. The protocol shall, at a minimum, provide for a process to identify, extract, and purge from the Newfront Computer all Documents containing Confidential Information belonging to Keenan, as well as to examine whether any of Keenan's Confidential Information that may be on the device has been accessed, viewed, used, modified, downloaded, copied, or transferred on, to or by any other electronic device. Unless otherwise agreed to by the Parties, UnitedLex shall endeavor to provide all counsel for the Parties with forensic reports within seven (7) calendar days of the Parties' agreement on a forensic protocol.

4. If forensic examination of the Seagate KZP9 Device or the Newfront Computer reveal that Confidential Information of Keenan may have been accessed, viewed, used, modified, downloaded, copied, or transferred on, to or by any other electronic device, such device shall be forensically examined by either UnitedLex or iDiscovery Solutions pursuant to the same forensic protocol by which the Newfront Computer is examined.

5. Pending a preliminary injunction hearing, unless otherwise ordered by the Court or stipulated by the Parties, Brown is enjoined from using, disclosing, disseminating, distributing, leaking, publishing, or transferring to or sharing with any person whatsoever, directly or indirectly, any of Keenan's Confidential Information in his possession, custody, or control, including, but not limited to, the oral disclosure of this information to third parties.

6. Pending a preliminary injunction hearing, unless otherwise ordered by the Court or stipulated by the Parties, Brown is enjoined from destroying, deleting, wiping, disguising, alienating, concealing, manipulating, modifying or altering any original, copy or duplicate of any Document or other physical evidence relating to any of the allegations in Keenan's Complaint.

7.     No further expedited discovery shall be ordered besides the forensic inspections outlined above. However, Plaintiff may renew its request for expedited discovery (depositions, document requests, interrogatories) should the results of the forensic inspections provide a reasonable basis for seeking such expedited discovery for purposes of a preliminary injunction hearing, which Plaintiff may do by filing an *ex parte* motion for expedited discovery unless the parties stipulate to the expedited discovery being requested by Plaintiff. Absent any stipulation regarding expedited discovery, Defendants reserve their right to oppose any such request.

8.     By no later than Friday May 13, 2022, unless the Parties stipulate to an extension of this deadline, the Parties shall file a joint status report informing the Court whether a preliminary injunction hearing should be scheduled. If the Parties inform the Court that Plaintiff will proceed with its motion for preliminary injunction, then the Parties shall in the joint status report submit a proposed briefing schedule and a proposed hearing date with two alternative dates the Parties and counsel are available.

9.     Plaintiff reserves its right to file a motion for prevailing party attorneys' fees should the Court enter a preliminary injunction in this case. However, Defendants' agreement to this Joint Stipulation re TRO shall not in itself make the Plaintiff into a prevailing party for purposes of attorneys' fees.

**SO STIPULATED.**

Dated: April 19, 2022                                FISHER & PHILLIPS LLP

                                                     By:  /s/ Usama Kahf
                                                          Usama Kahf
                                                          Andrew E. Saxon
                                                          Attorneys for Plaintiff
                                                          KEENAN & ASSOCIATES


Dated: April 19, 2022                                MOORE RUDDELL LLP

                                                     By:  /s/Howard D. Ruddell (as authorized on 4/19/22)
                                                          Howard D. Ruddell
                                                          Attorney for Defendants
                                                          ABD INSURANCE AND FINANCIAL
                                                          SERVICES, INC. dba NEWFRONT; KEITH
                                                          BROWN

**IT IS SO ORDERED.**

Entered this 21st day of April 2022, at 10:09 a.m.

Effective nunc pro tunc to date and time of filing.

                                      BY THE COURT:

                                      _____
                                      CHIEF UNITED STATES DISTRICT JUDGE