Usama Kahf (SBN 266443)
E-Mail: ukahf@fisherphillips.com
Andrew E. Saxon (SBN 227344)
E-Mail: asaxon@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Plaintiff
KEENAN & ASSOCIATES


Howard D. Ruddell (SBN 281510)
E-Mail: hruddell@mooreruddell.com
MOORE RUDDELL LLP
21250 Hawthorne Blvd., Suite 500
Torrance, California 90503
Telephone: (323) 792-7010
Facsimile: (323) 530-1113

Attorneys for Defendants
ABD INSURANCE AND FINANCIAL SERVICES, INC. dba NEWFRONT; and KEITH BROWN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN & ASSOCIATES,<br><br>        Plaintiff,<br><br>    v.<br><br>ABD INSURANCE AND FINANCIAL SERVICES, INC. dba NEWFRONT, a Delaware corporation; KEITH BROWN, an individual,<br><br>        Defendant. | Case No: 2:22-cv-00669-KJM-KJN<br><br>**STIPULATED PERMANENT INJUNCTION AND ORDER OF DISMISSAL** |

**STIPULATED PERMANENT INJUNCTION AND ORDER OF DISMISSAL**

AND NOW, this 9th day of November, 2022, upon consideration of the parties' agreement to resolve the above-captioned litigation, including the claims asserted by Plaintiff Keenan & Associates ("Keenan") against Defendants ABD Insurance and Financial Services, Inc. dba Newfront ("Newfront") and Keith Brown ("Brown") (Newfront and Brown collectively referred to as the "Defendants") (Keenan and Defendants collectively referred to herein as the "Parties"), and with Defendants' consent to the entry of this Order without such consent being deemed an admission of liability by Defendants, it is hereby ORDERED that:

1. For a period of two (2) years from the date of this Order, Defendants are enjoined and restrained from, directly or indirectly, and whether alone or in concert with others, including anyone acting in concert or participation with Defendants, specifically including any agent, employee, officer, or representative of Defendants:

   a. Using, disclosing, disseminating, distributing, leaking, publishing, selling or transferring to, or sharing with any person whatsoever, any of Keenan's "**Confidential Information**" (as defined below in Par. 1.b) in Defendants' possession, custody, or control, including, but not limited to, the oral disclosure of this information to third parties.

   b. For purposes of this Order, "**Confidential Information**" is defined as all confidential, proprietary, and/or non-public information concerning the operations, business methods, personnel, costs and finances, marketing plans, research, sales, pricing data and legal affairs of Keenan and information created or compiled by Keenan about its clients. Examples of Confidential Information include: (1) the identities, goals, needs, strategic plans and account information of Keenan clients; (2) the identities, goals, needs, and preferences of individual decision makers employed by Keenan clients; (3) the amount of premiums and commissions paid and/or generated by the sale of particular Keenan products or services and/or by the sale of Keenan products or services to a particular Keenan client; (4) insurance and/or contract renewal timetables for any Keenan client; (5) the terms (including, without limitation, pricing and billing information) of any contract between Keenan and any Keenan client; and (6) Keenan's data files (including, without limitation), AMS Sagitta, GenSource products, SBPA GBAS, Keenan Intranet Data Warehouse), working papers, reports, procedure manuals and modules.

Notwithstanding anything to the contrary, Defendants do not stipulate that Confidential Information includes any information that Defendants obtained from a non-confidential or public source, including from a Keenan client itself. Nor are Defendants stipulating that the above-listed Confidential Information constitutes a trade secret.

    2.    This Permanent Injunction meets all the requirements of Rule 65 of the Federal Rules of Civil Procedure.

    3.    No bond shall be required for entry of this Permanent Injunction.

The court declines to maintain jurisdiction to enforce the terms of the Parties' Settlement Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *cf. Collins v. Thompson*, 8 F.3d 657, 659 (9th Cir. 1993) ("A federal court may refuse to exercise continuing jurisdiction even though the parties have agreed to it."). Unless there is some independent basis for federal jurisdiction, enforcement of the agreement is for state courts. *Kokkonen*, 511 U.S. at 382.

IT IS FURTHER ORDERED that this Order shall constitute Final Judgment as to all claims and parties in the above-captioned litigation, and as no further matters remain pending shall be dismissed with prejudice, with each Party to bear its own attorneys' fees and costs.

**IT IS SO ORDERED.**

Entered this 9th day of November, 2022, at 11:00 a.m.

                BY THE COURT:

_____
CHIEF UNITED STATES DISTRICT JUDGE